[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiffs' appeal from a decision of the defendant Zoning Board of the Town of Lincoln ("Board") granting the application for a special exception submitted by defendant Lincoln Center Partnership ("Lincoln Center"). Lincoln Center had applied for a special exception in order to establish a nursing home in a residential zone.
Plaintiffs raise the following three issues on appeal.
(1) Plaintiffs argue that the Board abused its discretion in refusing to admit evidence that water runoff from an access road would create a nuisance.
(2) Plaintiffs argue that the Board was illegally constituted in that the alternate was not specifically designated as an alternate with regard to this particular application.
(3) Plaintiffs argue that the Board failed to set forth sufficient findings of fact to support its decision.
The facts pertinent to this appeal are as follows. The Lincoln Center's application was before the Board on five different occasions. On the third occasion the Board voted to continue the hearing "strictly for expert testimony on traffic". On the fourth occasion the Board's regular alternate replaced one of the five regular members of the Board who was ill. That regular alternate had been present every other time the Lincoln Center's application was before the Board. The Board again continued the hearing pending its consideration of the "traffic" issue.
On the fifth and final occasion that the application came before the Board, the Board ruled that it was legally constituted, heard testimony on the "traffic" issue, and declined to accept testimony with respect to plaintiffs' allegation that the proposed plan would create a nuisance.
Plaintiffs had proposed to offer testimony from a neighbor and a surveyor to the effect that runoff from an access road would increase a purported existing drainage problem and therefore create a nuisance. The Board excluded such evidence because of the limited purpose of the hearing. Additionally, the Board found no reason, given the offer of proof, to reopen the evidence. At the conclusion of the March 6, 1990 hearing, the Board unanimously granted the application and set forth its reason for so doing in a letter of the same date.
The Board's decision to exclude plaintiffs' proposed evidence of an increased drainage problem was not an abuse of discretion. The Board had expressly directed to limit any testimony subsequent to the third hearing to the traffic issue. The testimony proposed by plaintiffs simply was not relevant to the traffic issue nor had plaintiffs raised the issue prior to the third hearing. Moreover, given the nature of the proposed testimony as evidenced by the offer of proof, the Board did not abuse its discretion in refusing to reopen testimony with respect to the alleged drainage problem.
Likewise, this Court finds no merit in plaintiffs' claim that the Board was illegally constituted when it made its decision because the alternate had not been specifically designated as the alternate with respect to this particular application at the commencement of the first hearing. The statute which authorizes an alternate to vote in the place of a regular member does not require such a particularized designation. R.I.G.L. § 45-24-14.1 merely provides that the alternate be present at the hearings as an alternate. Therefore, the Board was legally constituted at all stages of this application process as well as when it rendered its decision.
Finally, the letter dated March 6, 1990 sufficiently sets forth the factual findings on which the Board granted the application of the Lincoln Center. The Board specifically found that a nursing home was an allowed use under a special exception; the entrance design would provide safety to vehicles entering and leaving the property; that the project presents no nuisance to the neighborhood; and, that a nursing home was needed within the Town of Lincoln.
For the above-stated reasons, the plaintiffs' appeal is denied.